UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL ALLEN,

       Petitioner,

v.                                            CASE NO. 08-10403
                                            HONORABLE DENISE PAGE HOOD

HUGH WOLFENBARGER,

       Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION
## TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND
## CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

On January 28, 2008, Petitioner Joel Allen ("Petitioner") filed a habeas corpus petition, challenging his state convictions for first-degree murder and assault with intent to commit murder. Petitioner is serving a sentence of life imprisonment. Petitioner seeks to hold his habeas petition in abeyance while he returns to state court to present the state court with two new claims--ineffective assistance of trial and appellate counsel. Petitioner claims that if he were to voluntarily dismiss the petition to seek post-conviction relief before the state court, the statute of limitations for a § 2254 petition would have expired.

The doctrine of exhaustion of state remedies requires state prisoners to present their habeas claims in the state court of appeals and in the state supreme court before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Petitioner appears to have exhausted many of his claims pending before the Court but has not exhausted the state remedies for the ineffective assistance of trial and appellate counsel claims. A dismissal of this action could preclude future consideration of Petitioner's claims due to the expiration of the one-

year statute of limitations. *See* 28 U.S.C. § 2244(d). Faced with a similar dilemma, some courts have adopted a "stay and abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Under this approach, district courts stay a habeas petition, rather than dismiss it, while the inmate returns to state court to pursue additional state remedies for the unexhausted claims. *Id*. After the petitioner exhausts state remedies, the district court can lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. It is not an abuse of discretion to stay a case where (1) there is "good cause" for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner is not engaged in abusive litigation tactics. *Id*. at 277-78.

Petitioner's unexhausted claims are not plainly meritless, and he does not appear to be engaged in abusive litigation tactics. The Court therefore concludes that it is not an abuse of discretion to grant a stay.

Accordingly,

IT IS ORDERED that Petitioner's motion to hold his case in abeyance [Doc. No. 7] is **GRANTED**. If Petitioner is unsuccessful in state court, he may move to re-open this case.

IT IS FURTHER ORDERED that the Clerk of the Court is close this case for statistical purposes. This administrative closing shall not be construed as a dismissal or adjudication of Petitioner's claims.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: August 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 27, 2010, by electronic and/or ordinary mail.

2

S/William F. Lewis
Case Manager