## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOEL ALLEN,

     Petitioner,            Civil No. 2:08-CV-10403
                              HONORABLE DENISE PAGE HOOD
v.                         CHIEF UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

     Respondent,

_____/

**OPINION AND ORDER: (1) GRANTING MOTION TO LIFT THE STAY OF
PROCEEDINGS AND ORDERING THE CLERK OF THE COURT TO
REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, (2)
AMENDING THE CAPTION, (3) GRANTING THE MOTION TO AMEND
PETITION FOR WRIT OF HABEAS CORPUS, (4) ORDERING THAT THE
AMENDED PETITION AND SUPPLEMENTAL BRIEF (Dkts. ## 12 AND
13) BE SERVED UPON THE RESPONDENT AND THE MICHIGAN
ATTORNEY GENERAL, AND (5) DIRECTING RESPONDENT TO FILE
AN ANSWER AND ANY ADDITIONAL RULE 5 MATERIALS IN THIS
CASE**

     Joel Anthony Allen, ("Petitioner"), confined at the Macomb

Correctional Facility in New Haven, Michigan, filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254, through his attorney John

Minock, challenging his conviction for first-degree murder, M.C.L.A.

750.316; and several counts of assault with intent to commit murder,

M.C.L.A. 750.83.  This Court entered an opinion and order holding the

habeas petition in abeyance to permit petitioner to return to the state courts to exhaust additional claims.  The Court also administratively closed the case. *Allen v. Wolfenbarger,* No. 08-10403, 2010 WL 3397338 (E.D. Mich. Aug. 27, 2010).

Petitioner filed a motion to reopen the case and a motion to file an amended habeas petition, which are **GRANTED**.  The Court orders the Clerk of the Court to reactive this case to the Court's active docket.  The Court amends the caption to reflect the name of petitioner's current warden, Randall Haas.  The Clerk of the Court shall serve a copy of the amended petition for writ of habeas corpus and the supplemental brief upon respondent and the Michigan Attorney General's Office by first class mail.  Respondent shall file an answer to the amended petition and any additional Rule 5 materials that have not already been filed with the Court within **sixty (60) days** of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009).  Petitioner alleges that his claims have been exhausted with the state courts.  The Court orders that the

2

original habeas petition be reopened.

The Court also orders that the caption in this case be amended to reflect that the proper respondent in this case is now Randall Haas, the warden of the prison where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254*.*

The Court grants petitioner's motion to amend his habeas petition. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).  The Court permits petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994).

The Clerk of the Court shall serve a copy of the amended petition for writ of habeas corpus and petitioner's supplemental brief [Dkt. ## 12, 13], and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules

Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* No. 04-71209; 2005
WL 1861943, * 2 (E.D. Mich. Aug. 2, 2005).  Respondent shall file an
answer to the amended habeas petition within sixty days of the Court's
order. See *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28
U.S.C. § 2243.  Respondent is also ordered to provide this Court with any
Rule 5 materials that have not already been provided to the Court at the
time that it files its answer. See *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th
Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.
Petitioner shall have forty five days from the receipt of the answer to file a
reply brief, if he so chooses. See Rule 5(e) of the Rules Governing § 2254
Cases, 28 U.S.C. foll. § 2254.

## ORDER

**IT IS ORDERED THAT**:

(1) The motion to reopen the case and lift the stay of habeas
corpus proceedings [Dkt. # 11] is **GRANTED.**  The Clerk of the
Court shall reopen the habeas petition to the Court's active
docket**.**

(2) the caption of the case is amended to reflect that Randall
Haas is the proper respondent in this case.

(3) the motion to amend the petition for writ of habeas corpus
[Dkt. # 11] is **GRANTED.**

(4) the Clerk of the Court shall serve a copy of the amended

4

petition for writ of habeas corpus and the supplemental brief [Dkt. ## 12, 13], and a copy of this Order on Respondent and the Attorney General by first class mail.

(5) Respondent shall file an answer and produce the Rule 5 materials within **sixty (60) days** of the date of this order or show cause why they are unable to comply with the order.

(6) Petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  July 12, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager